FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD BRIDGEWATER, | No. 10-16649 |
| Petitioner - Appellant, | D.C. No. 2:02-cv-00971-LKK-KJM |
| v. | |
| ERNIE ROE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted August 29, 2011[**]
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District Judge.[***]

Petitioner Richard Bridgewater appeals the district court's denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James L. Graham, Senior District Judge for the U.S. District Court for Southern Ohio, Columbus, sitting by designation.

petition for a writ of habeas corpus. He presents two arguments: 1) his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because it is disproportionate to the sentence his co-defendant received, and 2) his trial counsel's previous work as a deputy district attorney and campaign for District Attorney created a conflict of interest that precluded constitutionally effective assistance of counsel.

Bridgewater fails to cite any binding precedent supporting a proportionality review analysis that compares a defendant's sentence to that of his co-defendant. The factors that are relevant to a proportionality review are: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292 (1983). The Supreme Court has declined, even in capital cases, to add an additional layer of review based on sentences received by co-defendants. *Pulley v. Harris*, 465 U.S. 37, 42–44 (1984). Verdicts that are inconsistent between defendants are not constitutionally impermissible, *see United States v. Hughes Aircraft Co.*, 20 F.3d 974, 977–78 (9th Cir. 1994), and if the punishments that proceed from those verdicts are not grossly disproportionate to the crimes committed, there is no violation of a petitioner's Eighth Amendment rights.

Turning to Bridgewater's Sixth Amendment claim, Bridgewater must show that his "counsel's representation fell below an objective standard of reasonableness" when compared to prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). In the context of a claim of ineffective counsel claim due to a conflict of interest, a petitioner must show both that an actual conflict of interest existed and that his counsel's performance was adversely affected as a result of this conflict. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). Bridgewater fails to do so. His claim is based solely on his counsel's prior relationship with the district attorney's office. Even if he were to go so far as to allege that his counsel had prosecuted him before in that position—which he does not—that would not automatically produce an actual conflict of interest. *See Maiden v. Bunnell*, 35 F.3d 477, 480–81 (9th Cir. 1994). The petitioner must show that his counsel was "required to undermine, criticize, or attack his or her own work product," or that his loyalties were otherwise divided. *Id*. at 481 (citing *Mannhalt v. Reed*, 847 F.2d 576, 580 (9th Cir. 1988)). Bridgewater has produced no such evidence. He has also not "point[ed] to some aspect of [his counsel's] trial performance which was a likely adverse effect stemming from the alleged conflict of interest." *Id.* at 482. There is thus no reason to believe that his counsel was ineffective.

3

Bridgewater is not entitled to relief on either his Eighth Amendment or Sixth Amendment claim.

AFFIRMED.